UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-60097-CIV-SINGHAL

CHAZZITY LESLIE,

     Plaintiff,

v.

EXPERIAN INFORMATION SOLUTIONS, INC.
and DARRYL GIBSON,

     Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court on Defendants Experian Information Solutions, Inc. ("Experian") and Darryl Gibson's ("Gibson") Motion for Judgment on the Pleadings (the "Motion") (DE [8]).  Plaintiff did not file a response.  For the reasons set forth below, this Court grants Defendants' Motion and dismisses Plaintiff's Complaint.

### I.     BACKGROUND

Plaintiff, *pro se*, filed a state court action against Experian Information Solutions ("Experian") and Darryl Gibson on December 12, 2023, in the County Court in and for Broward County, Florida.  *See* (DE [1-2] at 2).  Plaintiff lists four causes of action: Defamation of Character, Violation of the Fair Credit Reporting Act ("FCRA"), Violation of Florida State Laws, and Negligence.  *Id.*  Plaintiff alleges that they identified inaccuracies in their credit report, notified Experian of the inaccuracies, and Experian failed to conduct a reasonable reinvestigation into these inaccuracies.  *Id.* at 21.  Plaintiff attaches various documents to the Complaint, including what appears to be a Dispute Results document from Experian, which removed multiple accounts from Plaintiff's account in August 2023, including multiple accounts associated with USAA Savings Bank, but one USAA Savings

Bank account was retained because Experian stated that it received a report that the information was certified as accurate.  *Id.* at 17–19.  Plaintiff seeks relief in the form of correction of inaccuracies in the credit report, monetary damages for "any harm suffered," valued at $8,000, and any other relief deemed just and proper by the court.  *Id.* at 2, 21. Defendants removed this action to federal court on January 17, 2024, *see* (DE [1]), answered the Complaint, *see* (DE [6]), and then moved for judgment on the pleadings, *see* (DE [8]).

## II.   LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(c), after the pleadings are closed, a party may move for judgment on the pleadings if no material facts remain at issue and the parties' dispute can be resolved on the pleadings and those facts of which the court can take judicial notice.  See Fed. R. Civ. P. 12(c); *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998).  A motion for judgment on the pleadings is governed by the same standard as a Rule 12(b)(6) motion to dismiss.  *See Hawthorne*, 140 F.3d at 1370.  Under Rule 12(b)(6), the defendant may seek to dismiss a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6). When considering such a motion, the Court must "accept the facts alleged in the complaint as true and draw all inferences that favor the nonmovant."  *Bankers Ins. Co. v. Fla. Residential Prop. & Cas. Joint Underwriting Ass'n*, 137 F.3d 1293, 1295 (11th Cir. 1998).

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).  Even so, a court may not "serve as de facto counsel for a party, or . . . rewrite an otherwise deficient pleading in order to sustain an action."

*GJR Invs. v. Cty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (citations omitted).

"A court may consider documents attached to the complaint or incorporated by reference without converting the motion into a motion for summary judgment if the documents are: (1) central to the complaint, and (2) the documents' authenticity is not in dispute." *Eisenberg v. City of Miami Beach*, 54 F. Supp. 3d 1312, 1319 (S.D. Fla. 2014) (citing *Day v. Taylor*, 400 F.3d 1272, 1275-76 (11th Cir. 2005)).

## III.     DISCUSSION

As an initial matter, some of Plaintiff's claims are disposed of with minimal analysis. Plaintiff fails to allege any facts that involve Defendant Gibson in the Complaint or any documents attached to the Complaint. It is entirely unclear to the Court what Defendant Gibson's role is in this matter or why he was listed as a defendant. Accordingly, the Court dismisses the claims against Defendant Gibson. Similarly, Plaintiff lists "violation of Florida state laws" as a cause of action in the Complaint, *see* (DE [1-2] at 2, 21), but does not specify any particular state law under which Plaintiff brings this claim, nor is it possible to identify the relevant state law based on Plaintiff's allegations. Without more, Plaintiff fails to state an independent claim against either defendant on this ground.

Next, Plaintiff's claims for negligence and defamation are preempted by the FCRA. In particular, 15 U.S.C. § 1681h(e) provides the following:

> Except as provided in sections 1681n and 1681o of this title, no consumer may bring any action or proceeding in the nature of **defamation**, invasion of privacy, or **negligence** with respect to the reporting of information against any consumer reporting agency. . . based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title, or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report except as to false information furnished with malice or willful intent to injure such consumer.

3

(emphasis added).   Sections 1681n and 1681o provide mechanisms to enforce civil liability under FCRA such that state law claims, such as those for defamation or negligence, are preempted except where false information was furnished with "malice or willful intent to injure."  *Id.*; *see also* 15 U.S.C. §§ 1681n, 1681o.  Here, Plaintiff does not allege that Experian acted with malicious or willful intent to injure Plaintiff.  Accordingly, Plaintiff's claims for defamation and negligence are preempted by FCRA and must be dismissed.

Finally, we consider Plaintiff's FCRA claim.  Defendants claim that Plaintiff's FCRA claim must be dismissed because Plaintiff fails to allege any facts to support the claim that Experian reported any information inaccurately or otherwise violated the FCRA.  While Plaintiff does not specify under which part of FCRA they bring their claim, this Court construes Plaintiff's FCRA claim as arising under 15 U.S.C. §§ 1681e(b) and/or 1681i.

Under 15 U.S.C. § 1681e(b), consumer reporting agencies are required to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the [consumer] report relates."  To state a *prima facie* claim under section 1681e(b), a consumer must allege that (1) the credit reporting agency's report was inaccurate and (2) that the inaccurate report caused the consumer harm, such as causing the denial of a credit application.  *See Ray v. Equifax Info. Servs.*, LLC, 327 F. App'x 819, 826 (11th Cir. 2009); *Clark v. Trans Union, LLC*, 2019 WL 3505446, at *5 (N.D. Ga. June 5, 2019), *report and recommendation adopted*, 2019 WL 5413874 (N.D. Ga. July 17, 2019) (dismissing complaint when the plaintiff failed to provide "any resultant factual allegations that she suffered damage aside from her conclusory assertion that she suffered harm to her credit and less than favorable credit terms").  Here, Plaintiff identifies in a conclusory fashion that there were inaccuracies in

their credit report but fails to state what these inaccuracies were in the Complaint.  While there are various exhibits that reference accounts listed on Plaintiff's credit report, it is impossible to decipher which ones Plaintiff claims are inaccurately listed on their report. Plaintiff appears to contest the accuracy of the USAA Savings Bank account beginning with the account number 427082, *see* (DE [1-2] at 15), but then later submits the Dispute Results showing that Experian deemed this account information to be accurate, to which Plaintiff only appears to contest their "rights to request the certification of [accuracy]," *see id.* at 17.   It is unclear whether Plaintiff maintains that this account was actually inaccurately listed in the credit report or whether Plaintiff is instead challenging Experian's compliance with other procedures under the FCRA.  Even if we were to treat this USAA Savings Bank Account as the inaccurate account alleged by Plaintiff, there are no factual allegations demonstrating any harm Plaintiff experienced as a result of this alleged inaccuracy beyond generic references to Experian's conduct causing "harm" to Plaintiff or "damaging [Plaintiff's] creditworthiness."  *See* (DE [1-2] at 15, 22).  More specific allegations regarding harm are required under FCRA.  Accordingly, Plaintiff has not stated a claim under 15 U.S.C. § 1681e(b).

Turning to 15 U.S.C. § 1681i, which requires consumer reporting agencies to conduct a reasonable reinvestigation when a consumer notifies the agency of a dispute of the accuracy of information in the consumer's file, to state a claim a plaintiff must allege the following elements:

(1) "the consumer's credit report contains inaccurate or incomplete information";

(2) "the [plaintiff] notified the [CRA] of the alleged inaccuracy";

(3) "the dispute is not frivolous or irrelevant";

Case 0:24-cv-60097-AHS   Document 9   Entered on FLSD Docket 05/15/2024   Page 6 of 7

(4) "the [CRA] failed to respond or conduct a reasonable reinvestigation of the disputed items"; and

(5) "the failure to reinvestigate caused the [plaintiff] to suffer out-of-pocket losses or intangible damages such as humiliation or mental distress."

*Lazarre v. JPMorgan Chase Bank, N.A.*, 780 F. Supp. 2d 1330, 1334 (S.D. Fla. 2011) (quoting *Bermudez v. Equifax Info. Servs., LLC*, 2008 WL 5235161, at *4 (M.D. Fla. Dec. 15, 2008)). As discussed in connection with the claim under 15 U.S.C. § 1681e(b), Plaintiff does not allege sufficiently specific facts demonstrating that their consumer report contained inaccurate or incomplete information and fails to allege any cognizable damages Plaintiff suffered. Accordingly, Plaintiff's claim under FCRA fails.

As a final matter, Defendants jointly answered the Complaint and filed Affirmative Defenses on January 24, 2024, and on February 7, 2024, filed this Motion for Judgment on the Pleadings (DE [8]). In the more than three months following that filing, Plaintiff did not seek to amend their Complaint or seek any other relief. Courts typically dismiss claims with prejudice when the plaintiff has had ample opportunity to amend the pleadings but has failed to adequately do so, when amendment would be futile, or when further amendment would unduly prejudice a defendant. *See Chiron Recovery Ctr., LLC v. United Healthcare Servs., Inc.*, 438 F. Supp. 3d 1346, 1356–57 (S.D. Fla. 2020). Here, Defendants' Motion for Judgment on the Pleadings stands unopposed and upon independent review is well-taken.

Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Defendants Experian Information Solutions, Inc. and Darryl Gibson's Motion for Judgment on the Pleadings (DE [8]) is **GRANTED**. Plaintiff's Complaint (DE [1-2]) is **DISMISSED WITH PREJUDICE**. The Clerk of Court is

6

directed to **CLOSE** this case.  Any other pending motions shall be **DENIED AS MOOT**,

and all deadlines and hearings are **CANCELLED**.

       **DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 14th day of

May 2024.

                                                       _____

                                                       RAAG SINGHAL
                                                       UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF
and by US Mail to Plaintiff, *pro se*:

       Chazzity Leslie
       7191 Park Street
       Hollywood, FL 33024